**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| In re:<br><br>Moses A. Da Rocha<br>*fdba* 1 World Ventures,<br><br>    Debtor. | Case No. 17-11646-BFK<br>(Chapter 13) |
| Bank of America, N.A., its assignees and/or successors in interest,<br><br>    Movant,<br>vs.<br><br>Moses A. Da Rocha *fdba* 1 World Ventures;<br>Ernestina Owusa, Co-Debtor;<br>Thomas P. Gorman, Trustee,<br><br>    Respondents. | |

**CONSENT ORDER MODIFYING AUTOMATIC STAY AND CO-DEBTOR STAY**

This matter was before the court on the motion of Bank of America, N.A., for relief from the automatic stay of 11 U.S.C. § 362(a) with respect to the real property located at **13 Bedford Drive, Sterling, Virginia 20165** and more particularly described as follows:

> LOT 205A, SECTION 3-B, COUNTRYSIDE, AS THE SAME APPEARS DULY DEDICATED, PLATED AND RECORDED IN DEED BOOK 831 AT PAGE 1347, AND AS RESUBDIVIDED IN DEED BOOK 839 AT PAGE 285, AMONG THE LAND RECORDS OF LOUDOUN COUNTY, VIRGINIA.

As of July 27, 2018, Movant offered, and Debtor accepted, a Trial Loan Modification. Movant acknowledges receipt of $1,984.82, representing the First Trial Loan Modification payment due on September 1, 2018.

Upon consideration whereof, it is **ORDERED:**

---

Steven L. Higgs, Esq. (VSB # 22720)
Steven L. Higgs, P.C. (VSB # 90566)
9 Franklin Road, S.W.
Roanoke, VA 24011-2403
(540) 400-7990

1.      Debtor shall maintain the Trial Modification monthly payments, in the amount of $1,984.82, and any other terms specified, pursuant to the Trial Modification agreement, commencing with the October 1, 2018 payment, and continuing on the First day of each month thereafter until November 1, 2018. Said payments shall be tendered to Movant's servicing agent Carrington Mortgage Services, LLC, Bankruptcy Department, P.O. Box 3730, Anaheim, CA 92806.

2.      In the event the Trial Modification terms are adhered to and a fully executed Permanent Modification agreement is reached, the terms of said agreement will supersede.

3.      However, in the event the Debtor fails to maintain payment under either the terms of the Trial Modification, a Final Modification or the Original Note, or in the event no loan modification is reached, the Movant may mail a notice of default to the debtor by first class mail, postage prepaid, (and, if it desires, also by certified or registered mail) with a copy to debtor's counsel and the trustee by first class mail, postage prepaid, or by email at the same time as the notice of default is mailed to the debtor. The notice of default will state in simple and plain language:

   a. That the debtor is in default in making at least one payment required under this order;
   b. The dates and amount of each payment missed and any late charge or other fee necessary to cure the default;
   c. The action necessary to cure the default, including any address to which payments must be mailed;
   d. That the debtor or trustee must take one of the following actions within fourteen days after the date of the mailing of the notice of default:
      i. cure the default;
      ii. file an objection with the court stating that no default exists; or
      iii. file an objection with the court stating any other reason why an order granting relief from the automatic stay should not be entered;
   e. That if the debtor or trustee do not take one of the actions set forth in paragraph (d), the Movant may file a certificate that it has complied with the terms of this order and that the court may grant relief from the automatic stay without further notice to the debtor; and

2

    f. That if the automatic stay is terminated, the collateral may be sold at foreclosure.

4. If the debtor or trustee do not take one of the actions set forth in paragraph (d), the Movant may submit a certificate stating that it has complied with the terms of this order and that neither the debtor nor the trustee has taken one of the actions set forth in paragraph (d) and may submit together with the certificate a draft order terminating the automatic stay.

5. If the debtor or trustee file an objection, the Movant must set the matter for hearing and give notice of the hearing to the debtor, debtor's counsel and the trustee. At the hearing, the court may terminate the stay or take other action appropriate to the circumstances.

6. The provisions of this order with respect to regular monthly installment payments expire one year after the date of the entry of this order. In the event of the default in payment of any regular monthly installment payment due more than one year after the date of the entry of this order, the Movant must obtain relief by filing a new motion for relief from stay with appropriate notice and hearing.

7. Until an order is entered terminating the automatic stay, the Movant may not refuse to accept or apply payments tendered by the debtor, even if such payments are late or in an improper amount; however, acceptance of non-conforming payments is without prejudice and shall not constitute a waiver of any default.

8. The automatic stay is modified to permit the noteholder or servicing agent to send the debtor payment coupons, payment statements or invoices, notices of late payment, notices of payment changes, notices of servicing transfers, or any other notice, other than a notice of acceleration or demand for payment of the entire balance, normally sent to customers in the ordinary course of business.

9. The Chapter 13 Trustee shall continue making payment to Movant on the prepetition arrearage as provided in the confirmed plan, or modified plan, in this case.

10. Should the debtor default pursuant to the terms contained herein, unless otherwise ordered by this court, the Movant shall be entitled to reasonable attorney's fees in the amount of $75.00 for issuance of a notice of default, and an additional $75.00 for issuance of a certificate of default and preparation of an order terminating the automatic stay.

11. The Movant shall promptly notify the Chapter 13 Trustee in writing of the results of a foreclosure of the subject deed and pay to the Chapter 13 Trustee any excess funds received from such foreclosure sale, to be disbursed upon further order of the Court.

12. In the event that the automatic stay is terminated, the Chapter 13 Trustee shall be relieved of any and all obligation to cure the proof of claim arrearages due to Movant.

13. The Debtor has been advised by his counsel of the terms of the settlement.

14. Relief is granted as to Ernestina Owusa, the co-debtor, from the automatic stay imposed by §1301(a) to the same extent and on the same terms and conditions as granted as to the debtor.

15. A Notice of Fees, Expenses, and Charges pursuant to Bankruptcy Rule 3002.1(c) is not required for the fees and costs included and disclosed as part this Order.

Alexandria, Virginia
Dated: Nov 7 2018

/s/ Brian F. Kenney

Hon. Brian F. Kenney
United States Bankruptcy Judge

Entered on Docket: November 8, 2018

I ASK FOR THIS:

BANK OF AMERICA, N.A.

By  /s/ Steven L. Higgs
      Of Counsel
STEVEN L. HIGGS, P.C. (VSB # 90566)
Steven L. Higgs (VSB # 22720)
9 Franklin Road, S.W.
Roanoke, Virginia 24011-2403
(540) 400-7990 Telephone
(540) 400-7999 Facsimile
higgs@higgslawfirm.com
Counsel for Bank of America, N.A.
FHAC.241-4270.NF


Seen:


   /s/ Thomas P. Gorman
Thomas P. Gorman
300 N. Washington St., Ste. 400
Alexandria, Virginia 22314
(703) 836-2226 Telephone
Chapter 13 Trustee


Seen and Agreed:


   /s/ Daniel M. Press
Daniel M. Press (VSB #37123)
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, Virginia 22101
(703) 734-3800 Telephone
(703) 734-0590 Facsimile
dpress@chung-press.com
Counsel for Debtor

PARTIES TO RECEIVE COPIES:

Moses A. Da Rocha
13 Bedford Dr
Sterling, VA 20165
    Debtor

Ernestina Owusa
13 Bedford Dr
Sterling, VA 20165
    Co-Debtor

Thomas P. Gorman
300 N. Washington St., Ste. 400
Alexandria, VA 22314
    Chapter 13 Trustee

Daniel M. Press, Esq.
Chung & Press, P.C.
6718 Whittier Ave., Suite 200
McLean, VA 22101
    Attorney for Debtor

## CERTIFICATION

The undersigned certifies that the foregoing Consent Order Modifying Automatic Stay is identical to the form order required by Administrative Order 10-2 and that no modifications, additions, or deletions have been made.

    /s/ Steven L. Higgs
    Attorney for Movant

## Local Rule 9022-1(C) Certification

The foregoing Order was endorsed by and/or served upon all necessary parties pursuant to Local Rule 9022-1(C).

    /s/ Steven L. Higgs
    Steven L. Higgs